**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yi Rong, | No. CV-25-00351-TUC-JGZ (LCK) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

On June 30, 2025, a Complaint was filed by Plaintiff Yi Rong. (Doc. 1.) Rong also filed a Motion to Proceed In Forma Pauperis, which the Court granted. (Docs. 2, 12.) The Court is required to dismiss a case filed in forma pauperis if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. Therefore, the judge has reviewed the Complaint pursuant to § 1915(e). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the Complaint but grant Plaintiff leave to amend as to certain Defendants.

---

[1] Plaintiff sought in forma pauperis status in a related 2020 case in this Court. The District Court screened that complaint under § 1915 and dismissed it with prejudice as violating Federal Rule of Civil Procedure 8 and being wholly devoid of merit. *Rong v. Seymour*, No. CV-20-00410-TUC-JCH, 2020 WL 7136565 (D. Ariz. Nov. 13, 2020). Plaintiff's appeal of that decision was dismissed as frivolous. *Rong v. Seymour*, No. 20-17373, 2021 WL 2272420 (9th Cir. Mar. 9, 2021).

**FACTUAL AND PROCEDURAL BACKGROUND**

The Complaint is brought by Yi Rong on behalf of herself and her minor daughter C.R.C. Plaintiff names as Defendants the State of Arizona; Pima County Attorney's Office; Pima County Consolidated Justice Court; Pima County Superior Court; judges Helena Seymour, Kendrick Wilson, Javier Chon-Lopez, Scott McDonald, and Danielle Constant; employees of the Pima County Attorney's Office, Mark Hotchkiss, Fabian Pacheco, Ryan Gant, Alexis Gallego, Alex Lambdin, and Victoria Otto; Arizona attorneys Ann Haralambie, Jacob Amaru, C. Joy Elkins, and Christina Muir; psychologist Alicia Pellegrin; and the father of her child, Cong Cao (who resides in Hong Kong with C.R.C.).

Plaintiff alleged there was an Arizona state court family case, order of protection, and criminal case that were unjust. She alleged that Defendants violated her civil rights and the national interests of the United States by favoring a member of the Chinese Communist Party, Defendant Cao. She alleged Arizona wrongfully claimed jurisdiction in violation of the Uniform Child Custody Jurisdiction Enforcement Act (UCCJAE) and falsified warrants to willfully commit wrongful arrest, detention, and conviction of her, during which her daughter was abducted to China in July 2023.

Plaintiff alleges Defendant Commissioner Helena Seymour engaged in the following acts regarding the family case: supported perjury by her ex-husband Cao and various attorneys; made up facts and evidence in rulings; overturned a June 2019 settlement agreement regarding custody without due process or consent of the parties; assisted Cao in not exercising parenting time or paying child support and alimony, while directing Plaintiff to pay Cao, the court, and attorneys; falsified arrest warrants to have her put in jail; assisted in having Plaintiff detained in the United States since 2019; assisted Cao in obtaining their child's travel documents; barred Plaintiff from leaving Hong Kong without the father's consent; and ruled that Plaintiff had mental issues and was schizophrenic.

Plaintiff alleged that, between 2020 and 2022, Defendants Cao, Elkins, Muir, and Haralambie contacted the Pennsylvania police to report Plaintiff as unstable and a danger to the child. Plaintiff alleges that Defendant Cao has not provided the child an education,

instructed the child to lie, and took the child to mainland China in violation of Arizona orders. When Defendant Judge Constant took over the family case, she "tried to legitimize the crimes of international child abduction," held hearings without giving Plaintiff notice, returned the security deposit to Cao, and denied Plaintiff's request to quash the order of protection against her. She alleges that jurisdiction over the family case has been "kicked" to Hong Kong. And Defendant Cao is trying to have her imprisoned in China.

Plaintiff alleges Judge Kendrick Wilson issued a falsified arrest warrant on May 3, 2023, which was used to detain her in Florida on July 3, 2023. Plaintiff alleges Judge Scott McDonald issued another falsified warrant on July 19, 2023. She alleges that both warrants were hidden. Plaintiff alleges that her attorney, Defendant Amaru, did not disclose the arrest warrants to her and told her they were from Florida. She alleges Defendants Haralambie and the Pima County Attorney's Office participated in obtaining the false warrants. Plaintiff alleges she was served with an order of protection in July 2023 based on unfounded allegations of Defendant Cao.

Plaintiff alleged that the criminal charge against her for custodial interference was baseless and vexatious. Defendant Hotchkiss suggested, at Plaintiff's initial appearance hearing, that she was charged in retaliation for speaking out against alleged misconduct of Defendant Seymour. Defendants Hotchkiss, Gant, Gallego, Lambdin, Otto, and Pacheco presented three false statements to the jury. Plaintiff alleges the records from the criminal case have been removed. She alleges the Pima County Attorney's Office and the courts discriminated against her based on her race, sex, national origin, and immigration status.

Plaintiff alleged that Judge Javier Chon-Lopez barred her from presenting evidence to the jury that represented the true facts and there are no minute entries from some hearings. Plaintiff alleges her evidence from Pennsylvania—that she is a victim and Defendant Cao is a criminal that committed perjury, domestic violence, stalking, and kidnapping—is well-founded and should have been admitted. "They," including Defendant Amaru, forced her to plead guilty to a misdemeanor to avoid prolonged detention and coercive psychological treatment. She alleges Amaru compelled her to pay fines and

attorney's fees for Cao, and to participate in a mental health exam in Arizona. Defendant Amaru worked to help the other side, not Plaintiff. Plaintiff alleges that she was "mentally illed" during the criminal case, diagnosed with a delusional disorder of persecution, through the actions of Defendants Amaru, Pellegrin, Elkins, Muir, and Haralambie.

In the statement of claims, Plaintiff alleged that Defendants violated her civil rights, committed criminal offenses, and betrayed the national interests of the United States. Plaintiff alleges her and her daughter's rights to due process and equal protection, the UCCJEA, and 18 U.S.C. § 228 were violated by falsified arrest warrants, the mother's detention, and the abduction of her daughter. She states that the removal of her daughter, a United States citizen, to China, in favor of a member of the Chinese Communist Party was against this country's national interests. Plaintiff seeks the clearing of her record as to all arrests, crimes, and orders of protection from Arizona and Florida; Defendant Cao to be charged with criminal offenses and banned from the United States; the return of the minor Plaintiff to Florida and the vesting of jurisdiction over the family case in Florida; a victim of crime visa certification (U-visa); and monetary damages.

## **DISCUSSION**

The Complaint is not easily interpreted as the facts are repetitive and not well organized. Plaintiff sometimes references "Arizona" or "Arizona people" without specifying which Defendants committed which acts. In the statement of claims, Plaintiff did not number distinct claims or indicate which Defendants she alleged as committing which violations. However, she identified four violations by the Defendants as a whole: violation of the UCCJEA; criminal offenses, including 18 U.S.C. § 228; actions contrary to the United States national interests; and violations of her and her daughter's right to due process and equal protection under the United States Constitution. Below, the Court examines whether Plaintiff has stated a claim for relief as to her four categories of claims and which Defendants are immune from liability in this suit.

### Claims on Behalf of Plaintiff C.R.C.

Plaintiff Rong alleges claims on behalf of her minor child. In this circuit, a parent may not bring an action on behalf of her child without attorney representation. *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1179, 1181 (9th Cir. 2024) ("a parent may not proceed pro se on her children's behalf") (quoting *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)), *cert. denied*, No. 24-812, 2025 WL 1426678 (U.S. May 19, 2025). Therefore, any claims raised on behalf of C.R.C. must be dismissed with prejudice.

### Claim based on the Uniform Child Custody Jurisdiction Enforcement Act

Plaintiff alleges that the Arizona courts violated the UCCJEA by taking jurisdiction over the custody dispute between her and her ex-husband. The UCCJEA is a "state procedural act" that "does not create any federal right of action." *Becker v. State of Cal.*, No. 92-16676, 1994 WL 41073, at *1 (9th Cir. Feb. 10, 1994); A.R.S. § 25-1001, *et seq.* Therefore, this claim is not cognizable and must be dismissed with prejudice.

### Criminal Claims

Plaintiff alleges that various individuals and entities engaged in criminal behavior, and she requested that criminal charges be brought against Defendant Cao. In general, "a private party may not enforce a criminal statute through a civil action." *Smith v. Am. Red Cross*, No. CV-02-0010-TUC-DCB-LAB, 2020 WL 4904240, at *2 (D. Ariz. Aug. 20, 2020); *see also* Ariz. R. Crim. P. 2.1, 2.2 (limiting commencement of criminal actions to the State initiating an information, indictment, or complaint). The one criminal statute identified by Plaintiff, 18 U.S.C. § 228, has been held to not provide a basis for civil liability. *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 309 (2d Cir. 2000) (finding no private right of action for a violation of 18 U.S.C. § 228). Any claims premised on criminal violations must be dismissed with prejudice.

### United States National Interests

Plaintiff alleges that actions by some of the Defendants were against the United States national interests. She does not, however, purport to be bringing this action on behalf of the federal government, which she could not do in her pro se capacity. *Cf. Stoner v.*

1  *Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007) (holding that a pro se individual may not bring suit on behalf of another individual, including the United States). Further, Plaintiff has not established that she has standing to bring a claim based on harm to the country's national interests. The first element of standing requires that a plaintiff have suffered an actual injury, meaning an "invasion of a legally protected interest." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). An alleged violation of the United States national interests does not equate to an actual injury to a legally protected interest held by Plaintiff.

**Due Process and Equal Protection Claims Based on 42 U.S.C. § 1983**

To state a claim for relief pursuant to § 1983, Plaintiff must allege that (1) Defendants acted under color of state law, and (2) deprived her of a right guaranteed by the United States Constitution. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). For liability under § 1983, there must be individual personal participation in the alleged deprivation of the constitutional right, it is not enough that the person was present or part of a group. *See Jones . Williams*, 297 F.3d 930, 935 (9th Cir. 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

<u>Defendant State of Arizona</u>

Suits against a state generally are barred in federal court by the Eleventh Amendment. *See Planned Parenthood Ariz., Inc. v. Brnovich*, 172 F. Supp. 3d 1075, 1086 (D. Ariz. 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Holley v. Cal. Dep't Of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010); *Lucas v. Ariz. Supreme Ct. Fiduciary Certification Program*, 457 F. App'x 689, 690 (9th Cir. 2011) (noting the only exceptions to state sovereign immunity are Congressional abrogation or a state waiver). Further, a state is not a person subject to suit under § 1983. *Will*, 491 U.S. at 66, 71 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State"); *Cortez*

*v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). Therefore, the State of Arizona must be dismissed with prejudice.

<u>Defendants Pima County Superior Court and Pima County Justice Court</u>

Plaintiff named the two courts as Defendants, although she did not allege any actions by the courts that violated her rights, separate from actions by individual judges. The justice courts and superior courts were created by the Arizona constitution and are part of one judicial branch of the state. "The judicial power shall be vested in an integrated judicial department consisting of a supreme court, such intermediate appellate courts as may be provided by law, a superior court, such courts inferior to the superior court as may be provided by law, and justice courts." Ariz. Const. art. 6 § 1. As has been stated by this Court, "[t]he proper name of Defendant Pima County Superior Court is the 'Superior Court of the State of Arizona in and for the County of Pima,' and it is a state court." *Appolon v. The*, No. CV-17-00205-TUC-JGZ, 2017 WL 11490686, at *4 (D. Ariz. July 31, 2017) (citing *Massengill v. Super. Ct. in and for Maricopa Cnty.*, 416 P.2d 1009, 1012 (Ariz. Ct. App. 1966)); *see Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment."), *superseded by statute on other grounds*; *Williams v. Arizona Superior Ct. of Pima Cnty.*, No. CV-21-00410-TUC-JAS-MSA, 2022 WL 2442593, at *3 (D. Ariz. Apr. 11, 2022), report and recommendation adopted, 2022 WL 2314757 (D. Ariz. June 28, 2022). Similarly, the Pima County Justice Court is part of the state court system created by the state constitution, and its jurisdiction is established by state statute. A.R.S. §§ 22-101 to 22-375. Therefore, it, too, is a state court. These courts, as arms of the state, are protected by the Eleventh Amendment. *Appolon*, 2017 WL11490686, at *4 (citing *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995)). Additionally, "arms of the state" are not "persons" for purposes of § 1983. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Kelly v. Pima Cnty. Just. Ct.*, No. CV-09-308-TUC-DCB-BPV, 2010 WL 2605804, at *2 (D. Ariz. Apr. 23, 2010) (finding Pima County Justice Court must be dismissed because it is not a person under § 1983), report and recommendation adopted,

2010 WL 2605799 (D. Ariz. June 25, 2010). The Court must dismiss with prejudice the Pima County Superior Court and the Pima County Justice Court.

### Defendant Pima County Attorney's Office

Plaintiff named the Pima County Attorney's Office as a Defendant, although she did not allege any actions taken by the office, separate from actions of its individual employees. The Arizona legislature did not designate the Pima County Attorney's Office as an independently suable entity. *Compare* A.R.S. § 11-532(A) (setting forth powers and duties of county attorney, which does not include ability to be sued) *with* A.R.S. § 11-201 (designating each county as an entity that could be sued). Because the Pima County Attorney's Office cannot be sued under § 1983, this Defendant must be dismissed with prejudice. *See Olding v. Pima Cnty. Prosecutor's Off.*, No. CV-25-00158-TUC-RCC-JR, 2025 WL 1296515, at *3 (D. Ariz. Apr. 16, 2025), report and recommendation adopted, 2025 WL 1294633 (D. Ariz. May 5, 2025); *Kelly*, 2010 WL 2605804, at *2 (noting that the Pima County Attorney's Office is "not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves."); *Weaver v. Castillo*, No. CV-22-01888-PHX-DWL, 2022 WL 17741062, at *3 (D. Ariz. Dec. 16, 2022) (recognizing that "[t]he Maricopa County Attorney's Office is a non-jural entity that is incapable of suing or being sued.") (quoting *Murrell v. Cohen*, No. CV-18-00789-PHX-DWL-DMF, 2018 WL 11395316, at *3 (D. Ariz. Dec. 4, 2018)).

### Defendants Judges Seymour, Wilson, Chon-Lopez, McDonald, Constant

Plaintiff named five judges as Defendants based on actions they took in relation to her family law case, order of protection, and the criminal case against her. Judges have absolute immunity from suit for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A judge is immune even if he acted in error, with malice, or "in excess of his authority." *Id.* at 356. The only exception is if a judge acts

in "clear absence of all jurisdiction." *Id.* at 356-57 (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)). Plaintiff's allegations against the judges are based solely on actions taken in their capacity as judges regarding legal matters to which Plaintiff was a party. Therefore, they are entitled to absolute immunity and must be dismissed with prejudice. *Butler v. Leen*, 4 F.3d 772, 773 (9th Cir. 1993); *McIndoo v. Broward Cnty.*, 750 F. App'x 816, 819 (11th Cir. 2018) (finding immune and dismissing judges named due to their rulings in child custody proceedings); *Appolon*, 2017 WL 11490686, at *3.

### Defendants Haralambie, Amaru, Elkins, Muir, Pellegrin, Cao

Several named Defendants do not work for a state, county, or city agency, Haralambie, Amaru, Elkins, Muir, Pellegrin, and Cao. One of the elements of a § 1983 claim is that the defendant acted under color of state law. *Gibson*, 781 F.2d at 1338. Because these Defendants are not state actors, Plaintiff has not stated a § 1983 claim for relief against them, and they must be dismissed. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (finding lawyers in private practice were not state actors); *McIndoo*, 750 F. App'x at 819-20; *Secress v. Ullman*, 147 F. App'x 636, 637 (9th Cir. 2005) (dismissing an attorney that was named as a defendant based on his work representing a child in a custody case). Although four of these individuals are attorneys, their status as an officer of the court does not bring them within the state actor requirement of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 325 (1981). Thus, Defendants Haralamabie, Amaru, Elkins, Muir, Pellegrin, and Cao must be dismissed with prejudice.

### Defendants Hotchkiss, Gant, Lambdin, Otto, Pacheco, and Gallego

Plaintiff brought claims against six employees that worked for the Pima County Attorney's Office. The Court believes that four are attorneys, Hotchkiss, Gant, Lambdin, and Otto, one is an investigator, Pacheco, and one is an administrative support person, Gallego. Plaintiff only identified specific actions by two of the individuals. As to Defendant Hotchkiss, Plaintiff alleged that, at her initial appearance, his statements about the charge indicated it was retaliatory. (Doc. 1 at 12, 16.) As to Defendant Pacheco, Plaintiff stated that he presented false information to the jury and falsified the first warrant. (*Id.* at 15, 16.)

1 As to the group of Defendants as a whole, Plaintiff stated that they obtained the first warrant
2 and presented perjured testimony to a jury for the second warrant. (*Id.* at 12, 14.)

3 Prosecutors are absolutely immune from damages suits under § 1983 when acting
4 "within the scope of [their] prosecutorial duties," meaning when they are "performing the
5 traditional functions of an advocate." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976);
6 *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). The Supreme Court has described absolute
7 immunity as applying when a defendant's "activities were intimately associated with the
8 judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. However, prosecutors may
9 not be protected by absolute immunity when they are conducting administrative or
10 investigative tasks. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009). Thus, when a
11 prosecutor acts in preparation to initiate a criminal case or trial, or appears in court when
12 applying for a search warrant or presenting evidence in support of the warrant, absolute
13 immunity protects her. *Kalina*, 522 U.S. at 125-26. With respect to an arrest warrant, a
14 prosecutor has absolute immunity in moving for the warrant but only qualified immunity
15 if she submits a document attesting to facts in support of the warrant. *Id.* at 129-31; *Torres
16 v. Goddard*, 793 F.3d 1046, 1053 (9th Cir. 2015); *cf. Malley v. Briggs*, 475 U.S. 335, 343
17 (1986) (finding an officer entitled only to qualified immunity when submitting an affidavit
18 in support of an arrest warrant).

19 When Defendant Hotchkiss appeared in court for Plaintiff's initial appearance in her
20 criminal case, he was performing the traditional role of an advocate and entitled to absolute
21 immunity. Therefore, a claim premised on this allegation must be dismissed. To the extent
22 Defendant Pacheco testified before a jury, as suggested by Plaintiff, he also is entitled to
23 absolute immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983). However, the
24 remaining allegations against these Defendants are not clear enough for the Court to
25 evaluate. Plaintiff suggested Defendant Pacheco's testimony was for an arrest warrant, but
26 a court typically would not take testimony before a jury for an arrest warrant. As to the
27 remaining Defendants, Gant, Lambdin, Otto, and Gallego, Plaintiff did not allege any
28 individual actions depriving her a right as is required for § 1983 liability. Therefore,

1  Plaintiff's claims against Defendants Hotchkiss, Pacheco, Gant, Lambdin, Otto, and
2  Gallego are subject to dismissal.

3        Rooker-Feldman Doctrine

4        Plaintiff is challenging, in great part, a state criminal case against her and state court
5  decisions in a custody case, neither of which are directly reviewable in this case due to the
6  Rooker-Feldman doctrine. "Rooker–Feldman" prohibits a federal district court from
7  exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court
8  judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). As the Ninth
9  Circuit explained:

> "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker–Feldman does not bar jurisdiction." . . . Rooker–Feldman thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment.

*Id.* at 1140 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). In other words, "[i]f the injury alleged resulted from the state court judgment itself, Rooker–Feldman directs that the lower federal courts lack jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (holding that a suit is barred "regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims") (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996); *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 478 (10th Cir. 2002)). The doctrine bars claims brought in this Court that are "'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Id.* at 898 (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16, 485 (1983)). In those circumstances, "the district court is in essence being called upon to review the state court decision." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Feldman*, 460 U.S. at 483 n.16).

      Plaintiff alleges that the state courts and individuals involved in her custody case violated her constitutional rights. She asks the Court to invalidate the state court custody

- 11 -

determinations and transfer jurisdiction of the custody case to another state. These allegations and her request for relief "goes to the heart" of the Arizona state court custody determinations and are barred by Rooker-Feldman.[2] *Pierce v. New Hampshire Dep't of Child. Youth & Fams.*, No. CV-23-00646-PHX-DJH, 2023 WL 3275761, at *4-5 (D. Ariz. May 5, 2023) (citing *Moore v. Cnty. of Sacramento, Dep't of Child*, No. 2:19-cv-844-JAM-KJN, 2020 WL 2489736, at *5 (E.D. Cal. May 14, 2020)). To the extent Plaintiff's claims amount to an appeal of the state court custody determinations or order of protection, and relief would undermine state court decisions, this Court does not have jurisdiction to review such claims. *See Rosebud Sioux Tribe v. Duwyenie*, No. CV-09-1660-PHX-MHM, 2010 WL 2534193, at *4 (D. Ariz. June 18, 2010).

With respect to her criminal case, Plaintiff seeks monetary damages and the voiding of her criminal record, which would require the reversal of any conviction. A claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff demonstrates that the conviction or sentence previously has been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A state criminal conviction may be challenged only within a 28 U.S.C. § 2254 habeas proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Appolon*, 2018 WL 10323368, at *4. This Court has been unable to locate any criminal records for Plaintiff in Arizona. Regardless, the Court is unable to issue a ruling that calls an alleged criminal conviction into question. Therefore, Plaintiff's claims regarding her criminal conviction are barred by *Heck*.

## **AMENDMENT**

When a court dismisses a complaint for failure to state a claim, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the

---

[2] If it does not violate the Rooker-Feldman doctrine, a parent may be able to bring a due process claim for the wrongful removal of a child, but only if she is the legal custodial parent. *See Troxel v. Granville*, 530 U.S. 57, 65-66 (2000) (explaining that "the custodial parent has a constitutional right" to parental rights); *see also Campbell v. Burt*, 141 F.3d 927, 929 (9th Cir. 1998) (distinguishing a parent with "mere visitation rights" from one with "full legal custody of his children"). Plaintiff's Complaint suggest she currently is not the custodial parent, although she contests that decision by the state court.

pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). As discussed above, Plaintiff cannot cure the defects as to Plaintiff C.R.C. and Defendants State of Arizona, Pima County Justice Court, Pima County Superior Court, Pima County Attorney's Office, Seymour, Wilson, Chon-Lopez, McDonald, Constant, Haralambie, Cao, Amaru, Pellegrin, Elkins, and Muir. Therefore, the Court finds these parties should be dismissed with prejudice and amendment denied.

It is not absolutely clear that Plaintiff is unable to state a claim for relief as to the employees of the Pima County Attorney's Office named as Defendants. Therefore, the Court finds that leave to amend as to these Defendants should be allowed. So that Plaintiff can make an informed decision regarding whether to file an amended complaint, the Court provides a further discussion of the Complaint's deficiencies as to these Defendants. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

Plaintiff's Complaint fails to satisfy Rule 8's requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). The United States Supreme Court has found that, to state a claim, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. at 1965; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-99 (2009) (interpreting Rule 8(a) and explaining that there must be specific, non-conclusory factual allegations sufficient to support a finding by the court that the claims are more than merely possible, they are plausible.). Where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524

F.2d 1123, 1124 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff made numerous general allegations about actions by the employees of the Pima County Attorney's Office without specifying what each Defendant is alleged to have done. If she chooses to amend, she must state what actions each named Defendant participated in that caused her injury. She may not, however, allege injury arising from state court decisions, the state's prosecution of her, or her conviction. Additionally, these Defendants have absolute immunity for actions within the scope of their prosecutorial duties. Plaintiff must list and number each claim she alleges and state which Defendant is named as to which claim.

To aid in meeting these requirements, Plaintiff should file her Amended Complaint on a court-approved form.[3] If Plaintiff fails to use the court-approved form, the Court may strike the Amended Complaint and dismiss this action without further notice to Plaintiff. Plaintiff must clearly designate on the face of the document that it is an "Amended Complaint." The Amended Complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. If Plaintiff does not file an Amended Complaint within the deadline set by the District Judge, this case will be subject to dismissal without further notice.

As Plaintiff was notified when she initiated this case, the Court has an advice clinic for people that are representing themselves. (Doc. 5 at 7.) If Plaintiff chooses to seek advice

---

[3] The form is available in Word and pdf formats here: https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case.

- 14 -

through the clinic, she should click the button that says, "Apply for help" at https://www.stepuptojustice.org/.

### **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order dismissing with prejudice Plaintiff C.R.C.; and Defendants State of Arizona, Pima County Superior Court, Pima County Justice Court, Pima County Attorney's Office, Helena Seymour, Kendrick Wilson, Javier Chon-Lopez, Scott McDonald, Danielle Constant, Ann Haralambie, Cong Cao, Jacob Amaru, Alicia Pellegrin, C. Joy Elkins, and Christina Muir. The Court also recommends dismissing with prejudice Plaintiff's allegations that: Defendants violated the UCCJEA, criminal statutes, or the United States national interests; Defendant Hotchkiss violated Plaintiff's rights at her initial appearance; Defendant Pacheco violated Plaintiff's rights based on his testimony before a jury; her rights were violated by a state court ruling; and her rights were violated by the conduct of a Pima County Attorney's Office employee acting within the scope of his or her prosecutorial duties. The Magistrate Judge further recommends granting Plaintiff leave to amend her claims against Defendants Hotchkiss, Pacheco, Gant, Gallego, Lambdin, and Otto, in accord with the Court's directions.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 25th day of August, 2025.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge