**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yi Rong,<br><br>  Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>  Defendants. | No. CV-25-00351-TUC-JGZ (LCK)<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Lynnette C. Kimmins on August 26, 2025. (Doc. 13.) Magistrate Judge Kimmins recommends that the Court dismiss Plaintiff's Complaint but allow Plaintiff an opportunity to file an amended complaint to correct certain deficiencies that may be curable. (*Id.* at 1.) On September 4, 2025, Plaintiff timely filed an Objection to the R&R. (Doc. 14.) After reviewing the record, the R&R, and the arguments raised in Plaintiff's Objection, the Court will overrule the Objection and adopt Magistrate Judge Kimmins's R&R in full.

## LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct

1  "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*,
2  474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a
3  party is not entitled as of right to de novo review of evidence or arguments which are raised
4  for the first time in an objection to the report and recommendation, and the Court's decision
5  to consider them is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United*
6  *States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

"When a magistrate judge issues a report and recommendation on a dispositive matter, a district judge must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.' " *CPC Patent Technologies Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (citing 28 U.S.C. § 636(b)(1)(C)); *see also* Fed. R. Civ. P. 72(b)(3). However, the district judge is not required to issue detailed findings regarding its review. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023).

**DISCUSSION**[1]

For the reasons thoroughly explained by Magistrate Judge Kimmins, and upon consideration of the relevant factors, the Court concludes that dismissing certain claims alleged in the Complaint with prejudice and allowing Plaintiff to file an amended complaint if she can fix other claims is appropriate: upon screening, the Complaint fails to state cognizable claims. Plaintiff's Objection to the R&R appears to misunderstand why the Magistrate Judge recommends dismissal of Plaintiff's claims.

Plaintiff repeatedly objects that she has "solid evidence" to support her allegations. (Doc. 14 at 1, 6, 23.) But, in screening a complaint, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in Plaintiff's favor. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–755 (9th Cir. 1994) ("All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."). In other words, the Magistrate Judge (and this Court) have

---

[1] The factual and procedural history of this case and a summary of the allegations in the Complaint are set forth in the Magistrate Judge's Report and Recommendation. (Doc. 13.)

assumed, for purposes of screening the Complaint, that Plaintiff could prove the allegations asserted in her Complaint. And, even if Plaintiff could prove what she alleges in her Complaint, the Magistrate Judge correctly concluded that the claims would fail because the factual allegations do not state a claim recognized by law, or certain legal doctrines prevent Plaintiff from asserting such claims. For claims that are not recognized by (or are barred by) law, dismissal of the claim with prejudice (i.e., without an opportunity to amend the claim) is the appropriate remedy because, for legal reasons, Plaintiff cannot cure the defects. Thus, as explained by the Magistrate Judge, Plaintiff cannot assert claims on behalf of C.R.C., and Defendants State of Arizona, Pima County Justice Court, Pima County Superior Court, Pima County Attorney's Office, Seymour, Wilson, Chon-Lopez, McDonald, Constant, Haralambie, Cao, Amaru, Pellegrin, Elkins, and Muir are not subject to Plaintiff's claims. (Doc. 13 at 5–10, 13.)

As to the remaining Defendants—Gant, Lambdin, Otto, and Gallego—Plaintiff's Complaint does not contain any allegations as what each individual did or failed to do that deprived Plaintiff of a constitutional right, as required for liability under 42 U.S.C. § 1983. (*Id.*) However, because it is not absolutely clear that Plaintiff cannot allege additional facts establishing liability on the part of an employee of the Pima County Attorney's Office, the Court will adopt the Magistrate Judge's recommendation to grant Plaintiff leave to amend her complaint so she can fix the factual deficiencies, if possible. In other words, Plaintiff will have an opportunity to re-write her complaint to include relevant facts as to each employee that were not included in the original complaint.

To ensure that Plaintiff can make an informed decision regarding whether to file an amended complaint, the Court reiterates the deficiencies identified by Magistrate Judge Kimmins:

> Plaintiff's Complaint fails to satisfy Rule 8's requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a) . . . . [A] complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff made numerous general allegations about actions by the employees of the Pima County Attorney's Office without specifying what each Defendant is alleged to have done. If she chooses to amend, she must

> state what actions each named Defendant participated in that caused her injury. She may not, however, allege injury arising from state court decisions, the state's prosecution of her, or her conviction. Additionally, these Defendants have absolute immunity for actions within the scope of their prosecutorial duties. Plaintiff must list and number each claim she alleges and state which Defendant is named as to which claim.

(*Id.* at 13–14.)

For the foregoing reasons, the Court will overrule Plaintiff's objection and adopt the Report and Recommendation.

Accordingly,

**IT IS ORDERED:**

1. The Magistrate Judge's R&R (Doc. 13) is **adopted**.
2. Plaintiff's Objection (Doc. 14) is **overruled**.
3. The following parties are dismissed with prejudice: Plaintiff C.R.C. and Defendants State of Arizona, Pima County Superior Court, Pima County Justice Court, Pima County Attorney's Office, Helena Seymour, Kendrick Wilson, Javier Chon-Lopez, Scott McDonald, Danielle Constant, Ann Haralambie, Cong Cao, Jacob Amaru, Alicia Pellegrin, C. Joy Elkins, and Christina Muir.
4. The following claims are dismissed with prejudice:
   a. Defendants' alleged violation of the UCCJEA, criminal statutes, and the United States's national interests;
   b. Defendant Hotchkiss's alleged violation of Plaintiff's rights at her initial appearance;
   c. Defendant Pacheco's alleged violation of Plaintiff's rights based on his testimony before a jury;
   d. Plaintiff's claims that her rights were violated by a state court ruling and by the conduct of a Pima County Attorney's Office employee acting within the scope of his or her prosecutorial duties.
5. Plaintiff is granted leave to amend her claims against Defendants Hotchkiss, Pacheco, Gant, Gallego, Lambdin, and Otto, in accord with the directions set forth

in the Magistrate Judge's order.

6. Plaintiff must file her Amended Complaint on a court-approved form.[2] If Plaintiff fails to use the court-approved form, the Court may strike the Amended Complaint and dismiss this action without further notice to Plaintiff. Plaintiff must clearly designate on the face of the document that it is an "Amended Complaint." The Amended Complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. **The amended complaint must be filed within fourteen (14) days of the date this Order is filed.** If Plaintiff does not file an Amended Complaint within the deadline set by the Court, this case will be subject to dismissal without further notice.

Dated this 21st day of October, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge

---

[2] The form is available in Word and pdf formats here: https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case.