1    **WO**

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    Yi Rong,                                    No. CV-25-00351-TUC-JGZ (LCK)

10              Plaintiff,                        **REPORT AND**
                                                  **RECOMMENDATION**
11    v.

12    State of Arizona, et al.,

13              Defendants.

14

15          On June 30, 2025, a Complaint was filed by Plaintiff Yi Rong. (Doc. 1.) Rong also

16    filed a Motion to Proceed In Forma Pauperis, which the Court granted. (Docs. 2, 12.) The

17    Court dismissed the Complaint with leave to amend certain claims against only some of

18    the originally named Defendants. (Doc. 15.) Plaintiff then filed an Amended Complaint.

19    (Doc. 17.) The Court is required to dismiss a case filed in forma pauperis if the Court

20    determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which

21    relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

22    from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Pursuant to the Rules of Practice of the

23    Court, this matter was referred to Magistrate Judge Kimmins for Report and

24    Recommendation. Therefore, the judge has reviewed the Amended Complaint pursuant to

25

26          [1] Plaintiff sought in forma pauperis status in a related 2020 case in this Court. The
      District Court screened that complaint under § 1915 and dismissed it with prejudice as
27    violating Federal Rule of Civil Procedure 8 and being wholly devoid of merit. *Rong v.
      Seymour*, No. CV-20-00410-TUC-JCH, 2020 WL 7136565 (D. Ariz. Nov. 13, 2020).
28    Plaintiff's appeal of that decision was dismissed as frivolous. *Rong v. Seymour*, No. 20-
      17373, 2021 WL 2272420 (9th Cir. Mar. 9, 2021).

§ 1915(e). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the Amended Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

After filing the Amended Complaint, Plaintiff submitted a "Supplement" of "evidence." (Doc. 21.) Because the Court is reviewing the Amended Complaint solely on its face, this ruling is not based on any facts not alleged in the pleading. However, for purposes of contextual background, the Court includes some limited information from the Supplement. Plaintiff was arrested in Florida on July 3, 2023, based on a May 3rd warrant from Arizona. (Doc. 21 at 12, 17, 75.) She was charged in Pima County with a felony for custodial interference. (*Id.* at 2, 14.) To resolve the case, she accepted a plea agreement, pursuant to which she pled guilty to a misdemeanor of custodial interference. (*Id.* at 14, 46.) While Plaintiff was in jail, her daughter was placed in the custody of her ex-husband, Cong Cao, and he moved the child to Hong Kong. (*Id.* at 112.)

The Amended Complaint names six Defendants who are (or were at the time of the alleged events) employees of the Pima County Attorney's Office: Mark Hotchkiss, Fabian Pacheco, Ryan Gant, Alexis Gallego, Alex Lambdin, and Victoria Otto.[2] Plaintiff alleges that Defendants Hotchkiss, Otto, and Lambdin wrongfully asserted Arizona jurisdiction over a criminal case and falsified the criminal case and related arrest warrants. (Doc. 17 at 9 ¶ 5.) Plaintiff alleges these three attorneys falsified a May 3, 2023, warrant without due process, hid the warrant from Plaintiff, incarcerated Plaintiff in jail, did not agree to dismiss criminal charges against Plaintiff, insisted on extraditing Plaintiff from Florida, and aided in the wrongful abduction of Plaintiff's daughter to China. (*Id.* at 18 ¶ 23.) Plaintiff also alleges these attorneys attended hearings in Plaintiff's criminal case; talked to her child's best interest attorney; signed a plea agreement without foundation; and forced Plaintiff to

---

[2] Plaintiff spent part of the Amended Complaint disagreeing with the Court's prior order dismissing the original Complaint. (Doc. 17 at 7-8 ¶¶ 2-3.) Plaintiff also included significant allegations with no direct connection to Defendants. (*Id.* at 9-18 ¶¶ 6-22.) The Court did not summarize those portions of the Amended Complaint.

1  sign the plea agreement to avoid extended imprisonment, psychological treatment, and fatal

2  torture. (*Id.* at 18-19 ¶ 24.)

3      Plaintiff alleges Defendants Hotchkiss, Otto, Lambdin, and Gant presented false

4  information to the grand jury on July 19, 2023, about Plaintiff unlawfully removing her

5  daughter from Arizona to other states. (*Id.* at 20-21 ¶ 26.) Plaintiff further alleges that

6  Defendant Hotchkiss's statements at her initial appearance were retaliatory. (*Id.* at 18-19

7  ¶ 24.) Finally, Plaintiff alleges that Defendant Lambdin tried to coerce Plaintiff to pay her

8  ex-husband's costs to abduct her daughter to China. (*Id.* at 22 ¶ 27.)

9      Plaintiff alleges Defendant Pacheco obtained a May 3, 2023, warrant without due

10  process based on false information; falsified a second May 3, 2023, warrant; committed

11  perjury before a jury for a July 19, 2023, warrant; wrote an investigative report in March

12  2023 that included false information and was completed before he interviewed Cao; and

13  participated in international child abduction with her ex-husband. (*Id.* at 19-21 ¶¶ 25,

14  26(2).) Plaintiff alleges Defendant Gallego prepared the March 2023 report containing

15  false information. (*Id.* at 22 ¶ 28.)

16      Plaintiff asserts the following legal claims: Claim 1, wrongful abduction and

17  retention of a minor under 22 U.S.C. § 9001 (formerly 42 U.S.C. § 11601); Claim 2

18  (a) Fourteenth Amendment violation based on deprivation of Plaintiff's liberty and false

19  imprisonment under 42 U.S.C. § 1983, and (b) violation of A.R.S. § 13-1303; Claim 3 -

20  intentional infliction of emotional distress; Claim 4, libel and slander; Claim 5, violation

21  of Arizona laws on retention of legal documents; and Claim 6, obstruction of justice and

22  forgery. (*Id.* at 8-9 ¶ 4.) Plaintiff seeks the following relief: return of her daughter to the

23  United States; compensatory and punitive damages; the purge of Plaintiff's criminal

24  records, including arrests and orders of protection; criminal prosecution of Cao and others

25  involved in her family custody case; banning Cao from the United States; and ordering all

26  Defendants to report to the FBI for investigation and prosecution. (Doc. 17 at 4, 32-33.)

27

28

**DISCUSSION**

The factual basis of Plaintiff's claims has remained very similar to what she alleged in her initial Complaint, although she has now tied specific conduct to individual Defendants. However, the six legal claims asserted in the Amended Complaint are completely different than the claims raised in Plaintiff's initial pleading. Upon review, half of Plaintiff's claims cannot be alleged against this group of Defendants. The other half are barred because success on them would invalidate Plaintiff's state criminal conviction. Therefore, as explained below, the Court finds the Amended Complaint should be dismissed for failure to state a claim to relief.

**Claim 1**

Plaintiff alleged a violation of the International Child Abduction Remedies Act, 22 U.S.C. § 9001, et seq. (formerly found at 42 U.S.C. § 11601, et seq.). The statute provides a mechanism for a parent to file a lawsuit to obtain the return of a child, or access to a child, that was wrongfully removed from the country. 22 U.S.C. § 9003. Although Plaintiff alleges that Defendants' actions in prosecuting her facilitated the removal of her child to China, Defendants are not alleged to have custody of her child and have no control over her return to the United States. Therefore, Claim 1 must be dismissed with prejudice.

**Claims 2(b) and 6**

Claim 2(b) and Claim 6 allege state law criminal violations that may not be brought as a private civil claim. First, in Claim 2(b), Plaintiff alleges false imprisonment under A.R.S. § 13-1303. This is a criminal statute that does not create a private civil action for damages. *See McDonald v. City of Phoenix*, No. CV-23-01275-PHX-DWL (DMF), 2023 WL 12140649, at *8 (D. Ariz. Nov. 21, 2023). Therefore, Claim 2(b) must be dismissed with prejudice.

Second, in Claim 6, Plaintiff alleges obstruction of justice and forgery. Plaintiff did not identify any facts particular to this claim. Forgery is a criminal charge under A.R.S. § 13-2002. And obstruction of justice is a criminal charge under A.R.S. § 13-2409. Arizona has never recognized forgery or obstruction of justice as independent torts that can be

brought by a private individual. *Arellano v. Primerica Life Ins. Co.*, 332 P.3d 597, 604, 235 Ariz. 371, 378 (Ct. App. 2014) (addressing forgery); *Liberti v. City of Scottsdale*, No. 1 CA-CV 22-0599, 2023 WL 4078539, at *2 (Ariz. Ct. App. June 20, 2023) (addressing obstruction of justice). Therefore, Claim 6 must be dismissed with prejudice.

**Claim 5**

Plaintiff alleges that Defendants violated Arizona laws on retention of legal documents. However, what she alleges is that there is no record of one or more of the arrest warrants issued by Arizona state court judges and that her criminal case records were "removed." The only Defendants remaining in this case work, or worked, for the Pima County Attorney's Office. These Defendants are not alleged to have failed to comply with legal requirements for the retention of documents. The factual allegations connected to Claim 5 are based on failures by Pima County Superior Court or Pima County Justice Court. Neither the courts nor any of their employees remain as defendants in this case. Therefore, Claim 5 should be dismissed with prejudice.

**Claims 2(a), 3, and 4**

Plaintiff alleges: a Fourteenth Amendment violation based on deprivation of liberty and false imprisonment (Claim 2(a)); intentional infliction of emotional distress (Claim 3); and libel and slander (Claim 4). Plaintiff states that Claim 2's constitutional claim is premised on her being detained on falsified arrest warrants and prosecuted in a falsified criminal case. Plaintiff states that Claim 3, similarly, is based on her wrongful arrest and incarceration. And Plaintiff states that Claim 4's defamation is premised on the existence of false Florida and Arizona records of her arrest and criminal conviction.

Success on any one of these claims necessarily would imply the invalidity of Plaintiff's conviction. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (finding that "wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against Guerrero could not have occurred unless he were innocent of the crimes."). In fact, Petitioner seeks the voiding of all criminal records as one form of relief on these claims. Monetary damages (with respect to the state court prosecution) and

- 5 -

the voiding of Plaintiff's criminal record, would require proving that Plaintiff's conviction is invalid.

A claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff demonstrates that the conviction or sentence previously has been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A state criminal conviction may be challenged only within a 28 U.S.C. § 2254 habeas proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Appolon v. The*, No. CV 17-00205-TUC-JGZ, 2018 WL 10323368, at *4 (D. Ariz. Feb. 12, 2018). Plaintiff has not alleged that her state court conviction already has been invalidated; rather, her request for its reversal signals the opposite. Therefore, her § 1983 claim for false imprisonment and a deprivation of liberty without due process, which is based on her allegations of false warrants and false criminal charges, must be dismissed. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (finding *Heck* barred claim that the arrest lacked probable cause, and the defendants had brought unfounded charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding that to find no probable cause for arrest would "necessarily imply" that his conviction was invalid), disapproved on other grounds by *Shalabi v. City of Fontana*, 489 P.3d 714, 11 Cal. 5th 842 (2021); *Ogunsalu v. San Diego Unified Sch. Dist.*, 759 F. App'x 642, 644 (9th Cir. 2019) (finding *Heck* barred Fourth Amendment claims related to an arrest and prosecution because neither the arrest warrant or conviction had been invalidated); *Reyna v. City of Santa Cruz*, No. 23-CV-03121-WHA, 2024 WL 3747376, at *6-7 (N.D. Cal. Aug. 9, 2024) (finding that an attack on an arrest warrant would undermine the validity of the plaintiff's no contest plea and the legality of her detention and was, therefore, barred by *Heck*).

Similarly, Arizona state courts hold that civil claims under state law, that imply the invalidity of a criminal conviction that has not been invalidated, are barred in the same manner that *Heck* prohibits § 1983 claims. *Hill v. McCowan*, No. 1 CA-CV 19-0676, 2020 WL 5423090, at *2 (Ariz. Ct. App. Sept. 10, 2020) (rejecting claims of malpractice, breach

of fiduciary duty, and due process because they relied on "principles dependent on favorable termination of the underlying criminal proceedings"); *Edgar v. State*, No. 1 CA-CV 18-0695, 2019 WL 6608753, at *2 (Ariz. Ct. App. Dec. 5, 2019) (barring a damages claim for breach of a plea agreement) (citing *Heck*, 512 U.S. at 484-87); *Glaze v. Larsen*, 83 P.3d 26, 32-33, 207 Ariz. 26, 32-33 (2004); *Templar v. Moody*, No. 1 CA-CV-12-0001, 2012 WL 5333582, at *2 (Ariz. Ct. App. Oct. 30, 2012) (finding all claims collaterally attacking convictions were properly dismissed) (citing *Heck*, 512 U.S. at 484-86). This Court has dismissed Arizona state law claims on this ground. *See Sullivan v. City of Phoenix*, No. CV 11-01427-PHX-DGC, 2012 WL 2285425, at *2 (D. Ariz. June 18, 2012) (finding that Arizona would apply a *Heck* bar to state law claims); *Dominguez v. Shaw*, No. CV 10-01173-PHX-FJM, 2011 WL 6297971, at *4 (D. Ariz. Dec. 16, 2011) (noting that allowing state law claims that attack the validity of a state conviction would be nonsensical when barring federal claims for the same conduct).

The Court is reviewing two state law tort claims. First, intentional infliction of emotional distress requires extreme and outrageous conduct, *Citizen Publ'g Co. v. Miller*, 210 Ariz. 513, 517, 115 P.3d 107, 111 (2005), and the conduct identified by Plaintiff is the wrongful arrest and prosecution of her. To meet this standard for this type of claim, which requires acts "'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community,'" *Mintz v. Bell Atl. Sys. Leasing Intern., Inc.*, 905 P.2d 559, 563, 183 Ariz. 550, 554 (Ct. App. 1995) (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668, 10 Ariz. App. 560, 562 (1969)), Plaintiff necessarily would have to prove that the prosecution of her was entirely unfounded, and her conviction was invalid. Second, the defamation claim would require Plaintiff to prove that her arrest and conviction records, and the facts upon which they were based, are false and invalid. *See Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787, 162 Ariz. 335, 341 (1989); *Read v. Phoenix Newspapers, Inc.*, 819 P.2d 939, 941, 169 Ariz. 353, 355 (1991) ("Substantial truth is an absolute defense to a

1  defamation action in Arizona."). Therefore, Plaintiff's state law tort claims must be
2  dismissed.

3         To the extent Plaintiff seeks the voiding of her criminal conviction and records, that
4  request also is barred by the "Rooker-Feldman" doctrine, which prohibits a federal district
5  court from exercising subject matter jurisdiction over a suit that is a de facto appeal from
6  a state court judgment.[3] *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139-40 (9th Cir. 2004)
7  (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)); *Bianchi v. Rylaarsdam*, 334
8  F.3d 895, 901 (9th Cir. 2003).

9                          **<u>CONCLUSION AND RECOMMENDATION</u>**

10        When a court dismisses a complaint for failure to state a claim, it "should grant leave
11 to amend even if no request to amend the pleading was made, unless it determines that the
12 pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss &*
13 *Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). As found above,
14 Plaintiff cannot cure the defects as to Claims 1, 2(b), 5, and 6. Therefore, the Court finds
15 these claims should be dismissed with prejudice and amendment denied.

16        The Court now reviews amendment as to Claims 2(a), 3, and 4. One basis to deny
17 amendment is when the plaintiff has repeatedly failed "to cure deficiencies by amendments
18 previously allowed." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir.
19 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Plaintiff has amended
20 only one time, not multiple times. However, "where the plaintiff has previously been
21 granted leave to amend . . . '[t]he district court's discretion to deny leave to amend is
22 particularly broad.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.
23 2009), as amended (Feb. 10, 2009) (quoting *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th

24

25        [3] As addressed in the Court's prior Report and Recommendation (Doc. 13), claims
26 against the state court prosecutors are, for the most part, also barred by prosecutorial
   immunity. *Imbler v. Pachtman*, 424 U.S. 409, 420, 430 (1976) (holding prosecutors are
27 absolutely immune from damages suits under § 1983 when their "activities were intimately
   associated with the judicial phase of the criminal process."); *Kalina v. Fletcher*, 522 U.S.
28 118, 131 (1997). Because the Court finds all Plaintiff's claims are subject to dismissal on
   other grounds, the Court did not analyze the application of prosecutorial immunity to the
   allegations in the Amended Complaint.

Cir. 2003)). As to the remaining Defendants, Plaintiff included the same general factual allegations in the original Complaint and the Amended Complaint. Although she added a bit more specificity regarding the actions of each individual Defendant, all the allegations in both complaints were tied to Plaintiff's criminal prosecution. In both pleadings, Plaintiff failed to state a claim for relief because the allegations did not involve these Defendants, the claims were not cognizable in a private civil action, or the claims were barred by *Heck*. Plaintiff already has been given an opportunity to amend, after the Court provided notice of the deficiencies, and has been unable to state a claim against these Defendants. Based on Plaintiff's factual allegations, the Court is unable to identify any viable legal claim. Therefore, the Court finds that further amendment is not warranted. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). Claims 2(a), 3, and 4 also should be dismissed with prejudice.

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order dismissing the Amended Complaint with prejudice for failure to state a claim. Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 29th day of January, 2026.

Lynnette C. Kimmins
Honorable Lynnette C. Kimmins
United States Magistrate Judge